UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANK CULKIN,**  *Plaintiff*,  v.  **NEW JERSEY TRANSIT RAIL OPERATIONS, INC.,**  *Defendant.* | Civil Action No. 16-1820  **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff Frank Culkin's ("Plaintiff") motion for default judgment, Dkt. No. 7, against Defendant New Jersey Transit Rail Operations, Inc. ("Defendant") pursuant to Fed. R. Civ. P. 55(b);

and it appearing that Plaintiff filed the Complaint on March 31, 2016, Dkt. No. 1;

and it appearing that Defendant was served with a copy of the Complaint on April 6, 2016, Dkt. No. 3;

and it appearing that the Clerk entered default against Defendant on May 18, 2016, Dkt. No. 6;

and it appearing that Plaintiff filed the instant motion for default judgment against Plaintiff on May 18, 2016, Dkt. No. 7;

and it appearing that Defendant subsequently filed an Answer to the Complaint on July 1, 2016, Dkt. No. 8;

and it appearing that Defendant submitted a joint discovery plan on August 17, 2016, Dkt. No. 10;

and it appearing that the parties had a scheduling conference on August 19, 2016;

1

and it appearing that the parties attended an in-person meet and confer conference on November 22, 2016, and on that date the Court scheduled several depositions to take place on December 13th and 14th, Dkt. No. 17;

and it appearing that the parties have a status conference scheduled for January 6, 2017, Dkt. No. 18;

and it appearing that "the filing of a late answer is analogous to a motion to vacate a default" because "the party filing the late answer receives the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule 55(c) to set it aside," John v. Sotheby's, Inc., 141 F.R.D. 29, 35 (S.D.N.Y. 1992) (quotation omitted);

and it appearing that the Third Circuit "does not favor entry of defaults or default judgments, . . . as it prefers adjudications on the merits," Hill v. Williamsport Police Dep't, 69 F. App'x 49, 51 (3d Cir. 2003) (quotation omitted);

and it appearing that prior to granting default judgment or vacating default, the Court must determine: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default, Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008); Budget Blinds, Inc. v. White, 536 F.3d 244, 250 (3d Cir. 2008);

and it appearing that although Defendant has not opposed this motion or explained its dilatory filing of a responsive pleading, the Court finds that entry of default judgment would be inappropriate at this juncture because Defendant filed an Answer more than five months ago, depositions have likely already taken place, Plaintiff has not moved to strike Defendant's Answer, the Court is not aware of any prejudice that will be suffered if Defendant is permitted to continue

defending this suit, and a decision on the merits is preferred;

**IT IS** on this 22th day of December, 2016,

**ORDERED** that the Clerk's entry of default is **VACATED**; and it is further

**ORDERED** that Plaintiff's motion for default judgment, Dkt. No. 7, is **DENIED**.

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**
